## BOOKER v. LOWRY.

1. The certificate of a notary in his protest, that he had given notice to the endorser of a note, of its non-payment, by depositing a letter, containing the notice, in the post-office, and directed to him, only *prima facie* evidence of the fact of notice, and may be contradicted by other evidence.

Error to the County Court of Madison county.

ASSUMPSIT on a promissory note, payable and negotiable at the Branch Bank at Huntsville, by the defendant in error as endorsee, against the plaintiff in error, as endorser.

Plea *non-assumpsit*, and judgment for plaintiff below.

By a bill of exceptions taken in the cause on the trial below, it appears that the plaintiff, to prove notice of the dishonor of the note at maturity, read in evidence, a protest for non-payment, and certificate of notice in these words: "Notice to P. N. Booker, directed to New-Market, Alabama, and deposited in the post-office, at Huntsville, same day;" which was the 4th day of January, 1839, and the last day of grace. The Notary Public was also introduced by the plaintiff below, who proved that he mailed the notice to the defendant, on the 4th January, 1839.

On cross examination, by the defendant below, the notary identified, as the notice sent by him to the plaintiff in error, a paper handed to him by the defendant's counsel, which was addressed to the plaintiff in error, New-Market, Ala. and was post-marked Huntsville, January 15th, with marks across the figures, and also the figure 5 below.

The defendant then offered as a witness, Daniel B. Turner, the post-master at Huntsville, and offered to prove by him, that the post-mark 15th January, was the true post-mark of his office; and that it was the invariable practice of the office, to post-mark all letters of the date of the first mail leaving Huntsville for the place of destination, after they were deposited in the office; and

that the mail, during the month of January last, went from Huntsville to New-Market three times a week. To the introduction of this testimony, the plaintiff below, by his counsel objected; and the objection was sustained by the court; to which, the plaintiff excepted, and now assign for error.

McCLUNG, for the plaintiff in error.
HOPKINS, contra.

ORMOND, J.—The determination of the question here presented, will depend on the fact, whether the evidence rejected by the court, was competent testimony in the cause: the weight it was entitled to, no matter how small that might be, cannot influence the consideration of the court, on a motion to reject it.

The certificate of a notary having been produced, reciting that a notice of the dishonor of the note, had been placed in the post-office, at Huntsville, directed to the plaintiff in error, and he having also sworn to the same facts, the plaintiff in error offered to prove, by the post-master, facts, the tendency of which was to show, that the notary was mistaken. It is true, it does not seem to us, that it was entitled to much weight against the positive proof of the notary: but that is a matter which cannot influence our judgment, if the evidence was competent. That it was competent evidence, is very clear, unless the certificate of the notary cannot be contradicted. This Court has determined, in the case of Curry v. The Bank of Mobile, (8 Porter 360) that it is *prima facie* evidence merely of the fact of notice. It is then, the common case of opposing testimony, upon which the jury alone can determine, as they are the exclusive judges of the weight of evidence, and of the credibility of witnesses.

Let the judgment be reversed, and the cause be remanded for further proceedings.